J-S59022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ILYAS ABDULHADI | |
| Appellant | No. 3309 EDA 2013 |

Appeal from the PCRA Order November 1, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0808601-2006

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 25, 2014**

Ilyas Abdulhadi appeals *pro* se from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]   After review, we affirm.

In 2007, a jury convicted Abdulhadi of first-degree murder,[2] following the shooting death of Tito Lomax at his Arch Street, Philadelphia home.  The court sentenced Abdulhadi to a mandatory life sentence without parole

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

pursuant to 18 Pa.C.S. §1102(a)(1).[3] Abdulhadi filed an unsuccessful post-sentence motion, direct appeal and petition for allowance of appeal.

On December 6, 2010, Abdulhadi filed a timely *pro se* PCRA petition; he amended the petition and counsel was appointed to represent him. Counsel filed another amended petition and a supplemental petition raising claims of ineffectiveness of counsel. Ultimately, the trial court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Abdulhadi's petition without a hearing. Abdulhadi filed a response; the court dismissed the petition on December 7, 2012.

On December 13, 2012, PCRA counsel filed a motion for reconsideration after being contacted by two potential alibi witnesses whom trial counsel failed to call to testify at trial. On December 27, 2012, in response to a motion to vacate filed by PCRA counsel, the trial court vacated its order dismissing Abdulhadi's PCRA petition and ordered counsel to provide the Commonwealth with certifications for each of the two potential alibi witnesses. After reviewing the certifications filed by PCRA counsel, the trial court determined that Abdulhadi's claims were without merit and, on November 1, 2013, after reviewing several *pro* se Rule 907 responses filed by Abdulhadi, denied his PCRA petition. Subsequently, Abdulhadi petitioned

_____

[3] Abdulhadi was also sentenced to concurrent sentences of 10-20 years' incarceration for conspiracy, 10-20 years in prison for robbery and 2½-5 years in prison for possession of an instrument of crime (PIC).

the court to proceed *pro se*. The court held a **Grazier**[4] hearing and granted Abdulhadi leave to proceed *pro se*. This appeal follows.

On appeal, Abdulhadi contends that a person may not be convicted of first-degree murder, except where the Commonwealth seeks the death penalty. Therefore, he claims that all counsel were ineffective for failing to challenge the trial court's improper jury instruction on first-degree murder because the jurors were legally prohibited from finding him guilty in this non-capital case.

First, we note that Abdulhadi has waived this claim for failure to raise it prior to this collateral appeal.[5] **See** 42 Pa.C.S. § 9544(b) (issue waived under PCRA if petitioner could have raised it but failed to do so before trial, at trial, on appeal or in prior state postconviction proceeding). However, even if the claim were not waived, we would find it meritless.

Pursuant to section 1102(a)(1) of the Crimes Code, "a person who has been convicted of a murder of the first degree . . . shall be sentenced to death *or to a term of life imprisonment* in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)." 18 Pa.C.S. §1102(a)(1) (emphasis added). In the instant case, the

_____

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[5] Although Abdulhadi raised this claim earlier in a *pro se* pleading, **see** Newly Discovered Evidence: PCRA Matter, 8/30/13, at 7-19, because he was represented by counsel at the time, that pleading is a legal nullity. **See Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010).

Commonwealth chose not to seek the death penalty. Therefore, the court was free to instruct the jury regarding a life sentence if it were to find Abdulhadi guilty of first-degree murder. Moreover, the procedure referenced in section 9711 only applies where a decision must be made regarding whether a defendant should be sentenced to death or to life imprisonment for murder in the first degree. Because the Commonwealth chose not to seek the death penalty, section 1102(a)(1) clearly states that the only permissible sentence is life in prison. Accordingly, there is no merit to Abdulhadi's claims of ineffectiveness of counsel or a due process violation for the court's jury instruction regarding life imprisonment for first-degree murder.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2014